UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSH LEDERMAN and NBCUNIVERSAL MEDIA, LLC.<br><br>　　　　　　　　Plaintiff<br><br>　　　　　v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br>　　　　　　　　Defendant | **COMPLAINT FOR INJUNCTIVE RELIEF** |

## INTRODUCTION

1.	Plaintiffs JOSH LEDERMAN and NBCUNIVERSAL MEDIA, LLC ("NBCUNIVERSAL") file this action under the Freedom of Information Act, 5 U.S.C. § 552, to compel Defendant UNITED STATES DEPARTMENT OF STATE ("STATE") to provide access to records of electronic communications between Susan Pompeo's personal email address and email addresses with a @state.gov domain name, sent or received on or between April 26, 2018 and November 13, 2019.

2.	STATE has violated FOIA by (*a*) denying Plaintiffs' request for expedited processing of the request and (*b*) failing to produce responsive records to Plaintiffs.

## THE PARTIES

3.	Plaintiff JOSH LEDERMAN is a journalist who has been employed by NBC News as a national political reporter since July 2018. LEDERMAN submitted the FOIA request at issue in this action on November 14, 2019. The request also sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E)(v).

4.      Plaintiff NBCUNIVERSAL MEDIA, LLC is a media organization with its principal place of business in New York, New York. NBC News is a division of NBCUNIVERSAL. As LEDERMAN's employer, NBCUNIVERSAL shares a legal interest in the FOIA request and in any responsive records that are produced. LEDERMAN submitted the FOIA request in the course of his employment and as an agent for NBCUNIVERSAL.

5.      Defendant UNITED STATES DEPARTMENT OF STATE is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

## JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. §1331.

7.      Plaintiffs are entitled to appeal directly to the Court to challenge STATE's denial of their request for expedited processing. *See* 5 U.S.C. § 552(a)(6)(E)(iii) ("[a]gency action to *deny or affirm denial* of a request for expedited processing ... shall be subject to judicial review"); *see also Elec. Privacy Info. Ctr. v. Dep't of Defense*, 355 F. Supp. 2d 98, 100 n.1 (D.D.C. 2004).

8.      Plaintiffs have exhausted their administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) with respect to their request for the records themselves because more than 20 days have passed since STATE received Plaintiffs' FOIA request on November 14, 2019, yet STATE has failed to notify Plaintiffs of its determination as to whether to comply with the request, and its reasons therefor. *See* 5 U.S.C. § 552(a)(6)(A)(i). Instead, STATE has only acknowledged the request and stated it would not make its determination within the prescribed statutory deadline. Accordingly, Plaintiff is entitled to appeal directly to the Court to enforce

FOIA pursuant to 5 U.S.C. § 522(a)(4)(B); *see also CREW v. FCC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

9.      The venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B) because NBCUNIVERSAL has its principal place of business within this District and LEDERMAN submitted the request in the course of his employment and as an agent of NBCUNIVERSAL.

## STATEMENT OF FACTS

**Background**

10.     In July 2019, congressional democrats reportedly were looking into a whistleblower's allegations that Secretary of State Mike Pompeo and members of his family improperly used a taxpayer-funded Diplomatic Security detail to run personal errands. According to those allegations, the Pompeo family required Secret Service agents to carry out questionable tasks, such as driving the family dog back from a grooming appointment and picking up Chinese food. This allegedly caused one agent to refer to the detail sarcastically as "UberEats with guns."

11.     Susan Pompeo is Secretary Pompeo's spouse and figured prominently in the allegations. Ms. Pompeo also has had her own personal security detail since 2018, including when she was home in the United States, an arrangement that past Secret Service officials have described as highly unusual.

12.     These allegations of impropriety against Secretary Pompeo and Susan Pompeo recently have become the subject of renewed attention from Congress and the public. This recent round of scrutiny began shortly after the firing of STATE's inspector general Steve Linick, a move ordered by the President at the request of Secretary Pompeo. Secretary Pompeo has publicly acknowledged that he asked President Trump to fire Mr. Linick, and claims that he

made the request because Mr. Linick was "undermining" STATE and "wasn't performing a function in a way that we had tried to get him to."

13.     Congress is now investigating whether Secretary Pompeo ordered the ouster of Mr. Linick in retaliation for his investigation of the Pompeos. Shortly after the firing, House Foreign Affairs Chairman Eliot Engel (D-NY) confirmed that Secretary Pompeo and Susan Pompeo had been the focus of an Inspector General investigation concerning an alleged misuse of taxpayer-funded services for personal errands – the same type of allegations that were made public in July 2019. The Inspector General also was reportedly probing whether Ms. Pompeo improperly accompanied her husband on taxpayer-funded trips overseas.

14.     This week, Congressman Engel and Senator Bob Menendez (D-NJ) announced an investigation into the circumstances of Mr. Linick's firing. The two lawmakers have stated that Mr. Linick's firing was an act of political retribution orchestrated by Secretary Pompeo. Some Republican lawmakers – including Sens. Romney (R-UT) and Collins (R-ME) – have also expressed misgivings about Mr. Linick's termination.

15.     Following the announcement of a congressional investigation into Mr. Linick's firing, additional allegations of misconduct have surfaced against the Pompeos. On May 19, 2020 NBC News was the first to report on "Madison Dinners," taxpayer-funded parties that Secretary Pompeo and Ms. Pompeo have hosted since 2018. Ms. Pompeo communicated with STATE officials regarding guest lists and other arrangements for the dinners from her personal email account.

16.     The guest lists for those gatherings have included corporate leaders and media executives, and relatively few diplomats and foreign officials. This has drawn criticism from

some STATE officials, who believe the dinners are designed to benefit Secretary Pompeo's political ambitions rather than serve any legitimate foreign policy goals.

**Plaintiffs' FOIA Request**

17.     In July 2019, LEDERMAN obtained the personal email address of Susan Pompeo.

18.     Communications between Ms. Pompeo's personal email address and official STATE email addresses could shed light on whether there was an abuse of Secretary Pompeo's office. And, because an investigation into some of that alleged abuse might have led to the politically motivated firing of a public official responsible for agency oversight, the public's interest in transparency is very high.

19.     On November 14, 2019, Plaintiffs submitted the FOIA request to STATE seeking all communications between Ms. Pompeo's personal email address and email addresses with a @state.gov domain name, sent or received on or between April 26, 2018 and November 13, 2019. Plaintiffs' request also sought expedited processing on the grounds that Plaintiffs are primarily engaged in disseminating information and there was an urgency to inform the public concerning actual or alleged Federal Government activity.

20.     On January 22, 2019, STATE sent an email to Plaintiffs acknowledging their FOIA request. In that email, STATE explained it was denying the expedited processing request because it did not believe Plaintiffs demonstrated a "compelling need" for the records.

21.     The email did not include a determination on Plaintiffs' request for the records themselves, *i.e.*, it did not inform Plaintiffs of the scope of records STATE would produce, or the scope of records STATE would withhold under any FOIA exemption. Rather, STATE merely

informed Plaintiffs that it would be unable to make a determination within the required 20 days due to "unusual circumstances." On May 22, 2020, STATE responded via email to a question from Plaintiffs about the status of their request. STATE's email said the "request is in process" and provided no further information about the status of Plaintiffs' request.

22.     STATE has not released any records in response to the request, nor has it informed Plaintiffs of the scope of records it will produce and/or withhold.

### COUNT I – VIOLATION OF FOIA
### FAILURE TO GRANT EXPEDITED PROCESSING

23.     Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

24.     Plaintiffs made a valid FOIA request to STATE for expedited processing.

25.     Plaintiffs are primarily engaged in disseminating information and there is an urgency to inform the public concerning actual or alleged Federal Government activity.

26.     STATE's denial of Plaintiffs' request for expedited processing violates FOIA and STATE's own regulations promulgated thereunder. *See* 5 U.S.C. § 552(a)(6)(E)(v); 22 CFR § 171.11(f).

27.     Plaintiffs' are entitled to an order compelling STATE to process Plaintiffs' request on an expedited basis.

### COUNT II – VIOLATION OF FOIA
### UNLAWFUL WITHHOLDING OF AGENCY RECORDS

28.     Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

29.     Plaintiffs made a valid FOIA request to STATE.

30.     STATE is an agency subject to FOIA and must release in response to a FOIA request any disclosable records in its possession at the time of the request, and may withhold requested information only if the agency reasonably foresees that disclosure would harm an interest protected by a FOIA exemption or if disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A).

31.     The records requested by Plaintiffs are in STATE's control.

32.     Under 5 U.S.C. 552(a)(6)(A), STATE was required to provide notification of its decision to comply with Plaintiffs' request or issue a denial within 20 business days of receiving the request.

33.     STATE's failure to comply with Plaintiffs' FOIA request or issue a denial within 20 business days violates FOIA's statutory deadline and the STATE's own regulations promulgated thereunder. *See* 5 U.S.C. 552(a)(6)(A); 22 CFR § 171.11(g).

34.     STATE's failure to produce records responsive to the request violates FOIA.

35.     Plaintiffs are entitled to an order compelling STATE to produce the records sought by the request

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully ask this Court to:

a.      Declare that Plaintiffs are entitled to expedited processing of their request;

b.      Declare that the records sought by the request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

c.      Order STATE to process Plaintiffs' FOIA request on an expedited basis;

d.      Order STATE to provide Plaintiffs with the records sought by the request within 20 business days of the Court's order;

e.      Award Plaintiffs the costs of this proceeding, including reasonable attorney's fees

as expressly permitted by FOIA, *see* U.S.C. § 552(a)(4)(E); and

f.      Grant such other and further relief as the Court deems just and proper.

Dated:  May 22, 2020

                        RESPECTFULLY SUBMITTED,

                        /s/ Erik Bierbauer

                        Attorneys for Plaintiffs

                        Erik Bierbauer (EB-0606)
                        Alexander Ziccardi (AZ-1311)
                        Law Department
                        NBCUNIVERSAL MEDIA, LLC
                        30 Rockefeller Plaza, Rm 620-540
                        New York, NY 10112
                        Tel: (212) 664-4167
                        *Erik.Bierbauer@nbcuni.com*
                        *Alex.Ziccardi@nbcuni.com*